**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed December 8, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————

## NO. 14-11-00924-CV

———————

### IN RE REBECCA RATHER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010 30165**

---

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relator, Rebecca Rather, seeks a writ of mandamus ordering the respondent, The Honorable Sheri Y. Dean, Judge of the 309th District Court, Harris County, Texas, to vacate her order of August 18, 2011.   We conditionally grant the writ.

Rebecca Rather moved to Fort Stockton with her fiance, Daniel Lopez, her two daughters, aged 10 and 13, and her four-year old son, H.S.J., when Lopez became employed in Fort Stockton.   Rather did not provide David Jones, H.S.J.'s father, 60-days notice of the move.   Pursuant to an order entered May 19, 2010, Rather and Jones were

joint managing conservators of H.S.J. and Rather had the right to determine H.S.J.'s primary residence. The order in place did not restrict Rather from moving. Jones filed a motion to modify and seeks custody of H.S.J., or, alternatively, an order for Rather to return to Houston. A hearing was held and temporary orders entered that give Jones the right to determine H.S.J.'s primary residence. *See* Tex. Fam. Code § 156.006(b)(1) (West Supp. 2011).

Section 156.006 of the Texas Family Code allows a trial court to enter temporary orders in a suit for modification but limits when a trial court can change the designation of the person who has the exclusive right to designate the primary residence of the child. Section 156.006 provides, in pertinent part:

> (a) Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.
>
> (b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:
>
> > (1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;
> >
> > (2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or
> >
> > (3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

Tex. Fam. Code § 156.006 (West Supp. 2011). The parties agree that only subsection (b)(1) applies in the case at bar. The parties do not dispute the order deprived Rather of

2

the right to determine H.S.J.'s primary residence. Rather's petition claims the trial court abused its discretion because there was no evidence to support a temporary order pursuant to (b)(1). In his response, Jones contends the evidence was sufficient.

In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Because the trial court's temporary orders are not appealable, mandamus is an appropriate remedy. *See In re Ostrofsky,* 112 S.W.3d 925, 928 (Tex. App.-Houston [14 Dist.] 2003, orig. proceeding) (holding that because temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are not subject to interlocutory appeal, mandamus is an appropriate means to challenge these orders). Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

The dispute in this case is whether the evidence presented justifies a finding under (b)(1) that H.S.J.'s present circumstances would significantly impair either his physical health or his emotional development. There was testimony that Rather's home in Houston was messy and unsanitary. Jones's mother, Janice Taylor, testified that she did not think Rather provided proper supervision. On one occasion when she took H.S.J. home, Rather was upstairs asleep and H.S.J.'s younger sister said to "just leave him." Taylor also testified she arrived several times and saw H.S.J. "on the parking lot where there's [sic] cars and he's playing." Taylor witnessed the door "wide open" and "kids are running in and out." According to Taylor, on the prior Christmas Eve the temperature "was 20 or

3

lower" and Rather brought H.S.J. "after 10:00 o'clock at night" and H.S.J. "did not have a coat, nor sweater."

Jones testified that it would not be possible for him to have alternate weekends with H.S.J. Jones expressed concern that his relationship with H.S.J. would deteriorate, as well as H.S.J.'s relationships with his extended family. Jones testified that Rather has no family in Fort Stockton and that if her relationship with Lopez did not work out, she would have no support. [RR 29]

The testimony presented is not evidence of the child's present circumstances. More importantly, there was no evidence of circumstances that would significantly impair his physical health or emotional development. There was no evidence the conditions in the home in Houston, even if inferred to be likely to re-occur in Fort Stockton, were to such a degree as to cause any illness or injury. Thus the evidence is not sufficient to support a finding the child's present circumstances would significantly impair his physical health.

The evidence suggests H.S.J.'s relationship with his father will be affected, but it does not demonstrate that significant impairment of his emotional development will occur. The evidence does not reflect how much time the child actually spent with his father before the move. There was no evidence that the move has had a negative impact on the child or his emotional development.

The legislature has expressly limited a trial court's ability to change the designation of the person with the right to determine a child's primary residence when a suit for modification is pending to a limited set of circumstances. *See In re Sanchez*, 228 S.W.3d 214, 218-19 (Tex. App. – San Antonio, 2007, orig. proceeding) (Trial court abused its discretion by failing to comply with section 156.006(b) where basis for ruling was not a statutory ground for rendering temporary orders that change the designation of the person with the exclusive right to designate a child's primary residence under a final order.)

Because the record does not support the trial judge's decision to change relator's right to designate H.S.J.'s primary residence, we conclude the trial judge abused her discretion. *See In re Winters*, No. 05-08-01486-CV, 2008 WL 5177835, *3-4 (Tex. App. – Dallas 2008, orig. proceeding) (mem. op.); *see also In re Levay*, 179 S.W.3d 93, 97 (Tex. App. – San Antonio, 2005, orig. proceeding).

We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate her order of August 18, 2011. The writ will issue only if the trial court fails to act in accordance with this opinion.


PER CURIAM


Panel consists of Justices Brown, Boyce, and Christopher.

5